UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ANKE HERNANDEZ and
RICHARD GLEN HERNANDEZ,

No. 7-10-10637 JA

Debtors.

ANKE HERNANDEZ and
RICHARD GLEN HERNANDEZ,

    Plaintiffs,

v.    Adversary No. 10-1117 J

LASALLE BANK, N.A., as Trustee for
Morgan Stanley Mortgage Loan Trust 2006-12XS,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion for Summary Judgment ("Motion") filed by Defendant, LaSalle Bank, N.A., as Trustee for Morgan Stanley Mortgage Loan Trust 2006-12XS ("LaSalle"), by and through its attorneys of record, Modrall, Sperling, Roehl, Harris, & Sisk, P.A. (Douglas R. Vadnais and Allison L. Biles).[1] *See* Docket No. 11. The central issue raised in this adversary proceeding is whether LaSalle holds the note ("Note") and is assignee of the mortgage ("Mortgage") on Plaintiffs' residential property located in Mountainair, New Mexico.[2] LaSalle previously obtained a judgment and decree of

---

[1] LaSalle previously filed a Motion to Dismiss Adversary Complaint (Docket No. 5), asserting that this Court lacks jurisdiction to adjudicate this adversary proceeding, and a Motion for Abstention (Docket No. 7). At a scheduling conference held September 13, 2010, the Court directed LaSalle to file a motion for summary judgment regarding its request for abstention and include any supplement to its Motion to Dismiss Adversary Complaint. *See* Docket No. 9. Because the Motion for Summary Judgment incorporates LaSalle's request for abstention, and because the Court can resolve all issues now before the Court through the Motion for Summary Judgment, Plaintiffs' response thereto, and LaSalle's reply, the Court need not separately consider the Motion to Dismiss Adversary Complaint nor the Motion for Abstention.

[2] Plaintiffs' complaint identifies the following causes of action: 1) to determine the validity of interest in property; 2) to determine a claim or cause of action removed from a state court pursuant to 28 U.S.C. 1452; 3) to obtain an injunction; 4) to recover money and property; and 5) to obtain a declaratory judgment relating to the

foreclosure against Plaintiff, Anke Hernandez, and other defendants in a state court foreclosure action filed in the Seventh Judicial District Court, State of New Mexico, County of Torrance, as Case No. D0722CV200800103 ("State Court Action").[3] LaSalle asserts that this Court should abstain from adjudicating this adversary proceeding; alternatively, LaSalle argues that the *Rooker-Feldman* doctrine applies to prohibit this Court's review of the judgment entered in the State Court Action. Plaintiffs oppose the Motion, asserting that LaSalle lacks standing in the Bankruptcy Court, has not justified its standing as a creditor, and has otherwise failed to sustain its burden under the summary judgment standards.

After consideration of the Motion, the response in opposition thereto[4], LaSalle's reply[5], and the record, the Court finds based on the undisputed facts that abstention is appropriate under the permissive abstention statute. Consequently, the Court will grant the Motion and dismiss this adversary proceeding.

## SUMMARY JUDGMENT STANDARD

Summary judgment is governed by Rule 56(c), Fed.R.Civ.P., made applicable to adversary proceedings by Fed.R.Bankr.P. 7056. The Court will grant summary judgment when the pleadings, discovery and disclosure materials on file, together with any affidavits filed in support of the motion demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of

---

foregoing. *See* Adversary Complaint, Docket No. 1. There has been no removal of a pending state court action to this Court.

[3] *See* Certified copy of Summary and Default Judgment, Decree of Foreclosure, and Appointment of Special Master, attached as Exhibit D to Notice of Filing of Certified Copies of State Court Pleadings (Docket No. 10).
[4] *See* Opposition to Motion for Summary Judgment ("Response") (Docket No. 13).
[5] *See* Defendant's Reply in Support of Motion for Summary Judgment (Docket No. 14).

-2-

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party opposing a properly supported motion for summary judgment, "may not rely merely on allegations or denials" contained in his or her own pleading, but must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2), made applicable to adversary proceedings by Fed.R.Bankr.P. 7052. In determining whether to grant a movant's request for summary judgment, the Court must view the facts in the light most favorable to the party opposing summary judgment. [6]

## UNDISPUTED FACTS

Plaintiffs did not respond directly to LaSalle's numbered undisputed facts as required by NM LBR 7056-1(b).[7] Instead, Plaintiffs generally contest LaSalle's standing as a creditor, and assert that LaSalle has not submitted sufficient evidence to meet the standards required for summary judgment. Specifically, in regard to the certified copies of documents filed in the State Court Action which LaSalle submitted in support of its Motion, Plaintiffs do not contest that those documents are true and correct copies of the documents filed in the State Court Action. Rather, Plaintiffs assert that the documents filed in the State Court Action "are based on false or fraudulent documents" and that "[s]ubmitting these documents in Bankruptcy Court is a crime under Title 18 Section 152(4).[8] Plaintiffs' statement appears

---

[6] *Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 1997)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' ")(quoting *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)))(internal quotation marks omitted); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir.1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party ...")(citation omitted).

[7] New Mexico Local Bankruptcy Rule 7056-1 requires the movant to number each fact that the movant contends no genuine issue exists. NM-LBR 7056-1(b). Similarly, the party opposing a motion for summary judgment shall number each disputed fact "shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the movant's fact that is disputed." NM-LBR 7056-1(c).

[8] *See* Response, p.2, ¶5 (Docket No. 13). Section 152(4) of Title 18 provides:

aimed at their underlying contention that LaSalle has failed to demonstrate that it is the holder of the note and assignee of the mortgage. Such statement is not sufficient to raise a disputed material fact as to whether the documents were, in fact, filed or entered in the State Court Action. The certified copies of the documents are self-authenticating.[9] Similarly, the Court may take judicial notice of documents filed in Plaintiffs' chapter 7 bankruptcy case.[10] Finally, all properly supported material facts are "deemed admitted unless specifically controverted." NM-LBR 7056-1(c).

Based on the Plaintiffs' complaint, the docket of the Plaintiffs' bankruptcy case, the affidavit offered by LaSalle in support of the Motion, and the certified copies of documents filed in the State Court Action offered in support of the Motion, the Court finds that the following facts are not in genuine dispute:

---

> [a] person who – knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney . . . . shall be fined under this title, imprisoned not more than 5 years, or both. 18 U.S.C. § 152(4).

This section is a criminal statute which must be enforced by the Attorney General of the United States or his designee. *See* 11 U.S.C. § 158 (charging the Attorney General to designate United States attorneys to have primary responsibility for enforcing §152 "relating to abusive reaffirmations of debt" or relating to materially fraudulent statements in bankruptcy schedules"); *Clayton v. Raleigh Fed. Sav. Bank,* 194 B.R. 793, 794 (M.D.N.C.1996), *aff'd,* 107 F.3d 865 (4th Cir. 1997)(per curiam)(no private right of action arises under 18 U.S.C. § 152(4)).

[9] *See* Federal Rule of Evidence 902(4) (providing that certified copies of public records are self-authenticating). *See also, Kline v. Tiedemann (In re Kline),* 424 B.R. 516, 521 (Bankr.D.N.M. 2010(stating that "[a]ny documentary evidence submitted in support of summary judgment must either be properly authenticated or self-authenticating under the Federal Rules of Evidence.")(citing *Goguen v. Textron, Inc.,* 234 F.R.D. 13, 16 (D.Mass. 2006)).

[10] *See* Federal Rule of Evidence 201 (providing that a court may take judicial notice of facts that are "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *In re Schottler,* 1999 WL 766100 at *3, 251 B.R. 441 (10th Cir. BAP 1999)(unpublished table decision)(noting that Rule 201(c) "permits a judge to take judicial notice, whether requested or not, and . . . that it is not error for a court to take judicial notice of related proceedings and records in cases before the court.")(citing *Florida Bd. of Trustees of the Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc.,* 514 F.2d 700, 704 (5th Cir. 1975); *Selman v. Delta Airlines,* 2008 WL 6022017 at (D.N.M. 2008)(unreported)(finding that the district court could take judicial notice of the confirmation order filed in the debtor's bankruptcy proceeding "and any other publicly filed bankruptcy documents.")(citing *Van Woudenberg v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000) *abrogated on other grounds by McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir. 2001)). *See also Rose v. Beverly Health and Rehabilitation Services, Inc.,* 356 B.R. 18, 23 (E.D.Cal. 2006), *aff'd,* 295 Fed.Appx. 142 (9th Cir. 2008)(unpublished)(noting that "a district court may take judicial notice of public records related to legal proceedings in both state courts and in the district court.")(citation omitted).

-4-

1. On June 4, 2008, LaSalle filed a complaint for foreclosure against Anke Hernandez and other defendants in the Seventh Judicial District Court, State of New Mexico, County of Torrance, as Case No. D0722CV200800103 (defined above as the State Court Action).

2. On July 16, 2008, Anke Hernandez filed an answer to the complaint in the State Court Action. *See* Answer, Exhibit C to Notice of Filing of Certified Copies of State Court Pleadings (Docket No. 10).

3. On February 20, 2009, summary judgment was entered in the State Court Action in favor of LaSalle and against Anke Hernandez for foreclosure of the Mortgage (the "Foreclosure Judgment"). *See* Judgment, Exhibit D to Notice of Filing of Certified Copies of State Court Pleadings (Docket No. 10).

4. Plaintiffs filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 16, 2010 (the "Chapter 7 Bankruptcy Case"). *See* Case No. 7-10-10637 JA, Docket No. 1.

5. A final decree and order discharging Plaintiffs was entered in their Chapter 7 Bankruptcy Case on June 1, 2010. *See* Case No. 7-10-10637 JA, Docket Nos. 33 and 34.

6. The Chapter 7 Bankruptcy Case was closed on June 1, 2010. *See* Case No. 7-10-10637 JA, Final Decree, Docket No. 34.

7. No claims were paid through the administration of the Plaintiffs' no-asset Chapter 7 bankruptcy estate. *See* Case No. 7-10-10637 JA, Chapter 7 Trustee's Report of No Distribution, Docket No. 22 (stating that the trustee "neither received any property nor paid any property on account of this estate . . . and that there is no property available for distribution from the estate over and above that exempted by law.").

8. Plaintiffs filed the complaint commencing this adversary proceeding on August 2, 2010. In the complaint Plaintiffs allege that LaSalle is not the assignee of the Mortgage or holder of the Note, and therefore did not have standing in the State Court Action to obtain a judgment on the Note or to foreclosure the Mortgage; that LaSalle has orchestrated a fraud on the bankruptcy court; and that LaSalle's actions to foreclose the Mortgage interfered with Plaintiffs' sale of the Property. In this adversary proceeding, Plaintiffs seek a declaratory judgment, a judgment for damages, and an injunction to restrain LaSalle from taking any action to foreclose the Mortgage.

9. LaSalle filed its Motion for Abstention on September 3, 2010. *See* Docket No. 7.

10. The State Court Action remains pending. *See* Affidavit of D. Renae Richards Charney, attached as Exhibit 1 to LaSalle's Motion ("The State Court Case is currently pending, is still open, and we are ready to proceed in that forum.").

## DISCUSSION

Bankruptcy courts are courts of limited jurisdiction.[11] Proceedings over which bankruptcy courts have jurisdiction include both "core" and "non-core" proceedings.[12] "Core" proceedings are proceedings which involve rights or claims created by bankruptcy law, which can arise only in a bankruptcy case, or are otherwise defined as core proceedings

---

[11] *Raven II Holdings v. Quest Title Co. (In re W.S.F. – World Sports Fans, LLC),* 367 B.R. 786, 791-792 (Bankr.D.N.M. 2007)(stating that "'[n]on-core' proceedings do not invoke substantive rights created by bankruptcy law, and can exist independent from the bankruptcy.")(citing *In re Wood,* 825 F.2d 90, 97 (5th Cir. 1987). *See also, Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1517 (10th Cir. 1990)(per curiam)(stating that "[b]ankruptcy courts have only the jurisdiction and powers expressly or by necessary implication granted by Congress.")(citation omitted).

[12] *See* 28 U.S.C. § 1334(b)(" . . . the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."); 28 U.S.C. § 157(b)(1)("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 . . . "); 28 U.S.C. § 157(c)(1)("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.").

-6-

under 28 U.S.C. § 157(b)(2).[13] "Non-core" proceedings are proceedings that are otherwise "related to" a case under title 11 but which do not invoke substantive rights created by bankruptcy law, can arise independently of a bankruptcy case, and are not defined as core proceedings under 28 U.S.C. § 157(b)(2).[14] Whether a proceeding that is not a core proceeding falls within the bankruptcy court's non-core jurisdiction hinges upon whether the outcome of the proceeding could conceivably have an effect on the bankruptcy estate.[15]

Plaintiffs' complaint raises issues concerning the propriety of LaSalle's state court foreclosure proceeding. Plaintiffs contend that LaSalle is not the proper party to enforce the Note and Mortgage relating to the Plaintiffs' real property. None of the allegations in Plaintiffs' complaint invoke a statutory right arising under the Bankruptcy Code and none of their claims fall within the definition of a core proceeding set forth in 28 U.S.C. § 157(b)(2). At most, this adversary proceeding falls within the Court's "related-to" jurisdiction, inasmuch as Plaintiffs' alleged causes of action against LaSalle might be characterized as a causes of action that are property of the bankruptcy estate.[16]

<u>LaSalle's Standing to Assert Abstention</u>

Plaintiffs assert that LaSalle is not entitled to summary judgment because it has not established "the threshold issue of legal standing in the Bankruptcy Court." LaSalle is a

---

[13]*See Gardner,* 913 F.2d at 1518 (stating that "[c]ore proceedings are proceedings which have no existence outside of bankruptcy.")(citation omitted). *See also* 28 U.S.C. § 157(2)(A) – (O) (listing matters included within the definition of "core" proceedings).

[14] *See Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 765, 771 (10th Cir. BAP 1997)(explaining that "[a] proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.'")(quoting *Gardner,* 913 F.2d at 1518 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984)(remaining citation omitted)).

[15] *See In re Gregory Rock House Ranch, LLC,* 339 B.R. 249, 253 (Bankr.D.N.M. 2006)(stating that "[t]he bankruptcy court has jurisdiction over non-core proceedings when they are related to the bankruptcy in that they could conceivably have an effect on the bankruptcy estate.")(citing *Gardner,* 913 F.2d at 1518)(remaining citation omitted).

[16] *See Midgard,* 204 B.R. at 771 (explaining that "'[r]elated' proceedings 'include . . . causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. §541.")(quoting *Gardner,* 913 F.2d at 1518)(quoting *Celotex Corp. v. Edwards,* 514 U.S. 300, 307 n.5, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995)).

-7-

named defendant in this adversary proceeding; consequently, LaSalle has standing to file the instant Motion. Further, as discussed below, Plaintiffs are not precluded by the Court's dismissal of this adversary proceeding from seeking in the State Court Action a determination as to whether LaSalle is, in fact, the holder of the note and mortgage that is the subject of the foreclosure action.

Mandatory Abstention

LaSalle asks this Court to abstain from this adversary proceeding under either the mandatory abstention statute, or, alternatively under the permissive abstention statute. Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding upon a State law claim or State law cause of action related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a State forum of appropriate jurisdiction.
>
> 28 U.S.C. § 1334(c)(2).

The elements necessary for mandatory abstention are: 1) the motion for abstention must be timely filed; 2) the matter must be based on a state law claim or cause of action; 3) an action has been commenced in state court; 4) the action can be timely adjudicated in state court; 5) the claim is within the Court's non-core jurisdiction; and 6) there is no independent source of federal jurisdiction that would have permitted the plaintiff to commence the action in federal court in the absence of the bankruptcy case.[17]

---

[17] *See In re Mobile Tool Intern.,* 320 B.R. 552, 556 (Bankr.D.Del. 2005)(enumerating the six requirements for mandatory abstention). *See also Gregory Rock House Ranch,* 339 B.R. at 253 (stating that "[m]andatory abstention under 28 U.S.C. § 1334(c)(2) requires a showing of the following elements: 1) the motion to abstain was timely; 2) the action is based on state law; 3) an action has been commenced in state court; 4) the action can be timely adjudicated in state court; 5) there is no independent basis for federal jurisdiction other than the bankruptcy; and 6) the matter is non-core.")(citations omitted). As determined above, this adversary proceeding is, at best, a non-core proceeding.

-8-

LaSalle has not established that there is no independent source of federal jurisdiction absent bankruptcy jurisdiction under 28 U.S.C. § 1334 with respect to the claims Plaintiffs assert in this adversary proceeding. Federal courts have jurisdiction under 28 U.S.C. § 1332 over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and where the action is between citizens of different states. 28 U.S.C. § 1332(a). LaSalle has not established that this adversary proceeding is not between citizens of different States or that the amount in controversy does not exceed the sum or value of $75,000. In the State Court Action LaSalle alleged an unpaid balance under the Note in excess of $220,000. The Court, therefore, finds that mandatory abstention is not appropriate. Federal diversity jurisdiction may exist.

Permissive Abstention

Bankruptcy courts may permissively abstain from both core and non-core matters.[18] Permissive abstention is governed by 28 U.S.C. § 1334(c)(1), which provides, in relevant part:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> 28 U.S.C. § 1334(c)(1).

Permissive abstention is discretionary. Factors relevant to the Court's decision to exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1) include:

> (1) the effect that abstention would have on the efficient administration of bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the federal jurisdictional basis of the proceeding;

---

[18] *Beneficial Nat'l Bank USA v. Best Receptions Systems, Inc. (In re Best Reception Systems, Inc.),* 220 B.R. 932, 952 (Bankr.E.D.Tenn. 1998)("[P]ermissive abstention applies to both non-core related and core proceedings.")(citing *Gober v. Terra + Corp. (In re Gober),* 100 F.3d 1195, 1206 (5th Cir. 1996)(remaining citations omitted)).

-9-

(6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance of asserted "core" proceeding; (8) the feasibility of severing the state law claims; (9) the burden the proceeding places on the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties; (11) the existence of a right to jury trial; and (12) the presence of nondebtor parties in the proceeding.

*Commercial Financial Services, Inc. v. Bartmann (In re Commercial Financial Services, Inc.),* 251 B.R. 414, 429 (Bankr.N.D.Okla. 2000), *reconsideration granted in part by* 225 B.R. 68 (Bankr.N.D.Okla. 2000)(noting that this "well-worn list of factors . . . was originally established in *Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc., (In re Republic Reader's Service, Inc.),* 81 B.R. 422, 428-29 (Bankr.S.D.Tex. 1987)).

Here, state law issues predominate. Any misrepresentation or fraud upon the Bankruptcy Court alleged by Plaintiffs relates to their underlying contention that LaSalle has failed to demonstrate that it is the holder of the Note and assignee of the Mortgage. Whether LaSalle is the holder of the Note and assignee of the Mortgage is an issue wholly governed by state law.

Second, assertion of Plaintiffs' claims in this adversary proceeding implicates the potential for forum shopping. Whether LaSalle holds the Note and is assignee of the Mortgage is part of LaSalle's *prima facie* case in the State Court Action. The State Court had already granted summary judgment and entered the Foreclosure Judgment before Plaintiffs commenced their Chapter 7 Bankruptcy Case.

Third, the degree of relatedness of the State Court Action to the Plaintiffs' Chapter 7 Bankruptcy Case, if any, is insubstantial, and abstention would not interfere with the efficient administration of bankruptcy estate. There is no contention that Plaintiffs' claims in this adversary proceeding could inure to the benefit of the bankruptcy estate. No provisions of the Bankruptcy Code are implicated by Plaintiffs claims.

Further, the pendency of the State Court Action is a factor supporting abstention. Finally, judicial economy is served by adjudication of whether LaSalle holds the Note and is

assignee of the Mortgage as part of the ongoing state court litigation concerning foreclosure of the Mortgage (if such issue has been or can be timely and appropriately raised). This Court therefore will exercise its discretion to abstain from hearing Plaintiffs' claims against LaSalle asserted in this adversary proceeding.

Based on the foregoing, the Court concludes that the Motion should be granted, and this adversary proceeding dismissed.[19] The Court's decision to abstain in no way precludes Plaintiffs from raising in the State Court Action any issues concerning whether LaSalle is the proper party to foreclose the Mortgage. An order consistent with this Memorandum Opinion will be entered.

*Robert H. Jacobvitz* (signature)
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: December 14, 2010

COPY TO:

**Richard Glen Hernandez**
**Anke Hernandez**
Plaintiffs
PO Box 863
Mountainair, NM 87036

**Douglas R Vadnais**
Attorney for Defendant
PO Box 2168
Albuquerque, NM 87103-2168

**D.Renae Richards-Charney**
Castle Stawiarski, LLC
Attorney for Defendant
20 First Plaza NW, Suite 602
Albuquerque, NM 87102

---

[19] Because the Court finds that abstention is appropriate, the Court need not discuss LaSalle's alternative argument that the relief Plaintiffs seek in this adversary proceeding is barred by the *Rooker-Feldman* doctrine.

-11-